IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| FARRIS WILLIAMS, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. V-03-155 |
| § | |
| T. MICHAEL O'CONNOR, et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Farris Williams, Jr., an itinerant jail inmate whose current address is the Calhoun County Jail, has filed a civil rights complaint naming the following Victoria County officials as defendants in both their official and individual capacities: Sheriff Michael O'Connor, County Judge Donald R. Pozzi, along with Victoria County Commissioners Chris F. Rivera, Jerry Nobles, Gary Burns, and Wayne D. Dierlam.  *See* Docket Entry No. 6, at 1.  Williams contends that these officials are liable for alleged constitutional violations at the Victoria County Jail.  After reviewing the original complaint (Docket Entry No. 1) and Williams's amended complaint (Docket Entry No. 6), the court has determined that this action should be dismissed as frivolous under 28 U.S.C. § 1915(e).

**I. Claims and Allegations**

In both his original complaint and his amended complaint, Williams contends that the defendants are liable for Victoria Jail denying him access to a law library, denying him adequate mail services, making unauthorized withdrawals from his account, denying him adequate medical services, subjecting him to inadequate and unsanitary food services, providing filthy clothing, and

forcing him to live in unsanitary conditions in an understaffed facility with a commissary stocked with overpriced items. Williams contends that Sheriff O'Connor is liable because he is the chief officer of the Victoria County Jail and is responsible for the welfare of the inmates. Williams includes Judge Pozzi and the County Commissioners as defendants because he contends that they are Sheriff O'Connor's immediate supervisors. Williams seeks $ 100,000.00 for his pain, suffering, and mental anguish.

## II. Analysis

To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). To state a claim against a defendant in his individual capacity, there must be a showing of personal involvement. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Naming a person who had no direct contact with the plaintiff will not suffice even if that person is alleged to have supervisory authority over other officials who may have had some interaction with the plaintiff. *Id*.

A suit against a defendant in his official capacity is actually a suit against the government entity the defendant serves and represents. *Hafer v. Melo*, 112 S.Ct. 358, 361 (1991). In an official capacity claim, the plaintiff is required to identify an 'official policy or custom' of the defendant entity which violated his constitutional rights. *Leffall*, 28 F.3d at 525. Allegations of isolated instances of deprivations alone do not establish liability of the policy maker. *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 2436 (1985).

The defendants named in this action are high county officials or top managers, none of whom are alleged to have had any contact with Williams. Williams merely names these individuals because they have authority over the employees who work at the Jail. The complaint against the defendants in their personal capacities is insupportable because "[t]here is no respondeat superior liability under section 1983." *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Without any facts showing that the individuals were personally involved in the alleged deprivations, Williams can only seek damages if he can prove that they implemented unconstitutional policies that were the cause of his injuries. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). There are no allegations that such policies caused any injuries, and the defendants cannot be held to be liable. *Baker v Putnal*, 75 F.3d 190, 199 (5th Cir. 1996). In addition, there are no allegations which would support a finding that any of the defendants were liable with regard to the Jail's staffing practices and procedures. *Scott v. Moore*, 114 F.3d 51, 54-55 (5th Cir. 1997).

Apart from a failure to name any party that could be found liable, Williams fails to set forth facts which indicate that his rights were violated. Williams states that he remained at the Victoria County Jail for relatively short durations. *See* Docket Entry No. 6, at 3, ¶ 5 ("From September 4, 2003 to September 10, 2003; October 29, 2003 to December 9, 2003; and from October 7, 2004 to October 26, 2004."). Even if the Jail conditions were substandard, the brief intervals that Williams had to endure them weigh against establishing a civil rights violation. *See DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir.2001). Moreover, the claims regarding the conditions are not actionable because Williams does not allege any physical injury which resulted from the alleged deprivations. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005), *citing* 42 U.S.C.A. § 1997e(e). Williams has failed to identify any extreme deprivation during his temporary stay at Victoria County Jail, and

3

the discomfort that he experienced there does not entitle him to monetary relief. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Williams's allegations regarding denial of access to a law library do not support any actionable claim under 42 U.S.C. § 1983. Prisoners have a right of access to the courts which includes a right either to an adequate law library or to adequate legal assistance by trained personnel. *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977). However, inmates are not guaranteed the right to have the means and resources necessary to transform themselves into litigation machines. *Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996). Moreover, they do not have a free-standing right of access to a law library. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Their rights are limited, and they are only entitled to prosecute nonfrivolous legal actions challenging their convictions or the conditions of the prison or jail where they are incarcerated. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis*, 116 S.Ct. at 2182.

Williams complains that there is no law library available at Victoria County Jail. He does not allege that he was a party to any legal action nor was he attempting to defend himself in a criminal proceeding. He does not allege that he was prevented from filing a necessary document in court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) ("Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court"). Consequently, Williams's statements regarding the absence of a jail law library does not support an actionable claim because he does not allege any facts which indicate that he was harmed by the alleged denial. *MacDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998).

Williams complains that the mail service is inadequately supervised and that the mail is improperly collected and dispersed. Docket Entry No. 6, at 4. He states that the mail arrives at the jail at 11:00 A.M. but is not distributed until the following morning at 5:00 A.M., often while inmates are asleep. He alleges that if an inmate does not hear his name called, his mail is left between the bars of his cell. Williams further alleges that mail is often delayed and that no notice is given if letters, books or other parcels are not approved for delivery.

Although inmates have a limited right to send and receive mail, it is obvious that the very nature of a jail requires monitoring of such mail, and jail administrators are accorded some deference in meeting this obligation. *See Thornborough v. Abbott*, 109 S.Ct. 1874, 1883 n.15 (1989). Williams merely complains about delays and inefficiencies. He fails to establish any violation because he does not indicate that he has been prevented from sending or receiving mail. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). *See also Geiger*, 404 F.3d at 371.

Williams complains that he was denied adequate medical services and access to a doctor. *See* Docket Entry No. 6, at 3. He alleges that he has diabetes, hypertension, hepatitis C, asbestosis, sleep apnea, chronic arthritis, and anxiety. A doctor did see him on October 12, 2004, and took his blood pressure which was 150/110. The doctor ordered that Williams's blood pressure be monitored regularly; however, the procedure was not performed through October 21, 2004. *Id*. Williams further complains that no followup visit was made and that he was not taken to a hospital. Williams further alleges that he had been prescribed medication for pain and anxiety, but the dosages were withheld or cutback. *Id*. He also alleges that one of the officers in charge of dispensing medication refused to allow him to check his blood sugar on October 20, 2004.

Jail inmates are entitled to basic medical care. *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000). However, there is no guarantee that the treatment will be state of the art, and occasional lapses in attention generally do not support a civil rights claim. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). Williams does admit that he was seen by a doctor at least once. He does not set forth any facts which show that he suffered any substantial harm during the short periods in Victoria County Jail. Without such a showing, Williams's claims regarding medical care must be dismissed. *Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Williams complains that unauthorized withdrawals have been made from his account for medical services rendered. Such a claim has no legal basis because deducting funds from inmates' trust accounts for medical services is not unconstitutional and is a rational method of conserving Victoria County's limited resources. *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996); *Breakiron v. Neal*, 166 F.Supp.2d 1110, 1115 (N.D. Tex. 2001)*, citing Bihms v. Klevenhagen*, 928 F.Supp. 717 (S.D. Tex. 1996). Moreover, Williams's complaint concerning an alleged taking from his account, like his complaint concerning the unfair prices at the commissary, is generally not actionable in federal civil rights suit. *See Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). Such claims regarding unauthorized taking of property should be addressed in the state courts. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995).

Williams asserts that he was not given a special diet for his hypertension or diabetic condition. Docket Entry No. 6, at 3. He also complains that there was no dietician available to prepare such a diet. Williams further complains that the meals were cold and he often found hair in the servings. *Id*. at 7. He alleges that the trays were left uncovered and stacked on top of each other which resulted in food servings being smashed or stuck on the bottoms of trays.

Jail officials are obligated to provide inmates humane conditions of confinement, including adequate food. *Palmer v. Johnson,* 193 F.3d 346 (5th Cir. 1999). However, inmates are not entitled to flawless meal service, and their rights are not violated even if they miss an occasional meal. *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999). Williams does not allege that he lost any weight or suffered any ill effects from the short duration that he may have endured the less than desirable food service at Victoria County Jail. Consequently, his claim regarding the food is legally baseless. *Id*. *See also DeSpain*, 264 F.3d at 973; *Waring v. Meachum*, 175 F.Supp.2d 230, 239-240 (D.Conn. 2001) (inmates' rights were not violated when they were served only cold foods during eight day lock-down).

Williams argues that the laundry procedures at Victoria County Jail constitute cruel and unusual punishment. He alleges that inmates' clothes are washed only once each week and that they must wrap themselves in a blanket for two hours while waiting for their clothes to be washed and dried. Docket Entry No. 6, at 5. Williams's complaint concerning the alleged dirty clothing fails to establish an actionable claim, especially in light of the short duration he spent in the Victoria County Jail. *See Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2006); *McCorkle v. Walker*, 871 F.Supp. 555, 557 (N.D.N.Y. 1995) (lack of change of underwear for fifteen days did not support a constitutional violation).

Williams complains that Victoria County Jail was understaffed and poorly monitored. He alleges that there were no hourly checks and that the only way to communicate with guards was through the use of an intercom system. According to Williams, each cell had a push button activated intercom which was not to be used except in a life threatening situation. He further complains that the shower stalls were filthy and that he was afraid to shower due to the risk of infection.

Williams's claims regarding the crowded and unsanitary conditions are not actionable because Williams does not allege any physical injury which resulted from the alleged deprivations. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005), *citing* 42 U.S.C.A. § 1997e(e). Moreover, jails are not supposed to be comfortable places. *See Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991). Williams has failed to identify any extreme deprivation during his temporary stay at Victoria County Jail, and the discomfort that he experienced there does not entitle him to monetary relief. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Williams has sought and obtained permission to proceed as a pauper in this action. A prisoner's *in forma pauperis* complaint may be dismissed if the court finds that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Such a complaint is frivolous if it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). This action is **DISMISSED** as frivolous.

### III. Conclusion and Order

1. This complaint, filed by Farris Williams, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e).

2. The Clerk shall send a copy of this Memorandum Opinion and Order to the parties; and the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED**, on this 27th day of February, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE